IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


**UNITED STATES OF AMERICA,**

                                                  Case No. 5:03cr18-RH

 **vs.**                                               Case No. 5:04cv168-RH/WCS

**CARLTON GWYN SEIGLER,**

     **Defendant.**

_____ /


### REPORT AND RECOMMENDATION ON § 2255 MOTION

    Defendant Seigler, represented by counsel, filed a motion to vacate sentence pursuant 28 U.S.C. § 2255. Doc. 23. The Government was directed to respond, doc. 24, and a response was filed. Doc. 25. Defendant was given time to file a response if he wished to do so, and no response has been filed.

    Defendant asserts that his sentence is illegal and unconstitutional under Blakely v. Washington, 542 U.S. __, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *See also* United States v. Booker, __ U.S. __, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005), Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).

In the context of an initial § 2255 motion, the Eleventh Circuit has recently determined that Blakely and Booker do not apply retroactively on collateral review. Varela v. United States, __ F.3d __, 2005 WL 367095 (11th Cir. February 17, 2005) (finding "essentially dispositive" the opinion in Schriro v. Summerlin, 542 U.S. __, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), that Ring announced a new rule of procedure which did not apply retroactively on collateral review) (other citations omitted); McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001) (Apprendi established a new procedural rule which did not apply retroactively on collateral review).  *See also* In re Anderson, 396 F.3d 1336 (11th Cir. 2005) and In re Dean, 375 F.3d 1287 (11th Cir. 2004) (denying leave to file successive § 2255 motions raising Booker, and Blakely, respectively, as they have not been made retroactive on collateral review by the Supreme Court).

It is therefore respectfully **RECOMMENDED** that Defendant's motion to vacate sentence pursuant to § 2255 (doc. 23) be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 8, 2005.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**