IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

v.     CASE NO. 5:03cr18-RH/WCS
       5:04cv168-RH/WCS

CARLTON GWYN SEIGLER,

    Defendant.

_____/

### ORDER DENYING §2255 MOTION

This matter is before the court on the Magistrate Judge's Report and Recommendation (document 26), to which no objections have been filed. I conclude that the Report and Recommendation is correct, with this note of clarification.

Defendant has filed a motion for relief under 28 U.S.C. §2255, raising claims under the line of cases that includes *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 124 S. Ct. 2531 (2004)*,* and *United States v. Booker*, 125 S. Ct. 738 (2005). This is defendant's first §2255 motion; the motion is not second or successive. And the motion was filed within the one-year statutory limitations period. Cases dealing with the prerequisites to the filing of a second or successive motion, or to the tolling or reopening of the limitations

period, thus have no applicability here.

The *Apprendi* line of cases recognizes two rights: first, the right to trial by jury with respect to any fact (other than a prior conviction) that would increase the maximum sentence that could be imposed on a defendant; and second, the right to have any such fact established by proof beyond a reasonable doubt. The Supreme Court has held that the jury-right component of the *Apprendi* principle is not retroactively applicable to cases on collateral review. *See Schriro v. Summerlin*, 124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004). As an original matter, one could argue either side of the issue whether the same should be true of the proof-beyond-a-reasonable-doubt component of the *Apprendi* principle. Decisions of the Eleventh Circuit, however, foreclose, at least at the district court level, any assertion that the proof-beyond-a-reasonable doubt component of *Apprendi* can be raised on collateral review. *See, e.g., Varela v. United States*, 40 F.3d 864 (11th Cir. 2005) (concluding that *Booker* does not apply retroactively to §2255 cases on collateral review); *McCoy v. United States*, 266 F.3d 1245, 1256-58 (11th Cir. 2001) (holding that *Apprendi* is not retroactively applicable to cases on collateral review).

For these reasons,

IT IS ORDERED:

The Report and Recommendation is ACCEPTED and adopted as the further

opinion of the court.  Defendant's motion to vacate sentence under 28 U.S.C. §2255 (document 23) is DENIED.  The clerk shall enter judgment and close the file.

    SO ORDERED this 20th day of April, 2005.

s/Robert L. Hinkle  
Chief United States District Judge
